JOURNAL ENTRY AND OPINION
{¶ 1} Marie A. Romaniak ("Romaniak") appeals the trial court's decision granting Richard T. Kiley's ("Kiley") motion for a new trial. Romaniak argues that the trial court abused its discretion when it granted Kiley's motion for a new trial. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On May 12, 2002, Kiley was stopped at a red light on Sprague Road in Middleburg Heights, Ohio. While waiting for the light to change, Romaniak crashed into the rear of Kiley's vehicle, causing him to hit the car in front of him. Kiley refused medical treatment at the scene and reported to work at the Mad Crab restaurant where he worked as a server. However, after working for a few hours, Kiley left work because his back, neck, and knee were causing him pain. Kiley went to Parma General Hospital, where he worked part-time, and saw an emergency room doctor. The emergency room doctor treated and released Kiley, giving him prescriptions for several different medications. Between the time of the accident and the time of trial, Kiley saw several different doctors in an attempt to cure his continued back pain.
 {¶ 3} On March 24, 2004, Kiley filed a complaint against Romaniak for personal injuries arising out of the accident. Romaniak admitted liability for causing the accident, and the case went to the jury over the disputed nature and extent of damages for Kiley's claims of medical expenses, lost wages, and pain and suffering.
 {¶ 4} During trial, Kiley provided medical bills and records that showed his emergency room visit, radiology services, emergency medical physician services, prescription medication, follow-up medical care, diagnostic testing and physical therapy. Kiley also provided the expert testimony of Doctor Bruce J. Feldman ("Dr. Feldman"), his treating physician. Dr. Feldman testified at trial that Kiley suffered "a cervical, thoracic, and lumbar strain/sprain myofascitis and right knee strain/sprain." He further testified that the injuries diagnosed were the result of the motor vehicle accident that occurred on May 12, 2002. Dr. Feldman also reviewed the medical record provided by the other doctors Kiley saw to relieve his back pain, and concluded that Kiley suffered from "a chronic thoracic spine pain, which is a strain/sprain-type condition" caused by the May 12, 2002 motor vehicle accident. Dr. Feldman also testified that he sent Kiley a bill for services rendered in the amount of $2,168.
 {¶ 5} Kiley also presented evidence that because of his back injury, he was unable to keep his employment with Parma General Hospital. Kiley stated that he was able to pick up extra shifts at The Mad Crab Restaurant. Romaniak did not present any expert medical testimony during trial.
 {¶ 6} The jury returned a verdict for Kiley in the amount of $1,126 for personal injuries proximately caused by the negligence of Romaniak. On November 16, 2005, Kiley filed a motion for a new trial alleging that the jury awarded inadequate damages and that this award was against the manifest weight of the evidence. On December 12, 2005, the trial court granted Kiley's motion finding the following:
"Therefore, the court concludes that the jury's verdict isinadequate, resulting from prejudice, contrary to applicablelegal rules, and against the manifest weight of the evidence.Accordingly, the court grants the plaintiff's motion for a newtrial pursuant to Civ.R. 59(A)(2), (4), (6), and (7)."
 {¶ 7} Romaniak appeals, raising a single assignment of error.
"The trial court abused its discretion in granting theappellee's motion for a new trial."
 {¶ 8} The decision whether to grant a new trial pursuant to Civ.R. 59(A) rests within the sound discretion of the trial court. Buck v. Canacci (Nov. 21, 1997), Lake App. No. 96-L-185. Accordingly, an appellate court will not reverse a trial court's decision absent an abuse of that discretion. Buck, supra. "The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} In light of this standard of review, we conclude that the trial court did not abuse its discretion when it granted Kiley's motion for a new trial. Kiley testified about his injuries and medical care, including an emergency room visit made the day of the accident, as well as subsequent medical treatment by multiple physicians at different facilities. He underwent physical therapy and told of ongoing, chronic back pain after the accident. The testimony of Dr. Feldman provided fact and opinion testimony that related Kiley's injuries and conditions to the May 12, 2002 auto accident.
 {¶ 10} In response, Romaniak's defense did not provide any expert testimony contradicting these claims of pain and money damages. Her defense solely relied upon the cross-examination of Dr. Feldman. During the cross-examination, Romaniak implied that the impact was minor and that any possible injury could not be as serious as Kiley claimed. However, Romaniak did not argue that Kiley's treating physicians employed unnecessary diagnostic and treatment methods or that his claims of pain were caused by a pre-existing or subsequent back injury unrelated to the car accident. Additionally, Romaniak did not even argue that Dr. Feldman's charges for services rendered were unfair or unreasonable.
 {¶ 11} Kiley presented claims for medical bills and lost wages greatly in excess of the verdict in addition to the testimony of his pain and suffering. Specifically, Dr. Feldman's bill alone was $2,168 and was supported by his professional testimony during trial. The trial court specifically enunciated in its opinion granting Kiley's motion for a new trial, that the car accident "proximately caused the plaintiff to sustain some personal injury but disregarded the court's jury instructions and uncontroverted evidence regarding the resulting damages which the plaintiff should recover." Based on this record, we agree with the trial court that the jury's verdict of $1,126 appears illogical, particularly in light of the fact that Romaniak did not challenge any specific medical charge.
 {¶ 12} We find that there exists competent, credible evidence to support the trial court's conclusion. Buck, supra. As such, we conclude that the trial court did not abuse its discretion when it determined that the jury's verdict was inadequate, was contrary to applicable legal rules, and was against the manifest weight of the evidence.
 {¶ 13} Romaniak's sole assignment of error is overruled.
 {¶ 14} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, P.J., and Anthony O. Calabrese, Jr., J., concur.